## Case No. 9,421.

### MENDELSOHN v. The LOUISIANA.

[3 Woods. 46.] [1]

Circuit Court, D. Louisiana. April Term, 1877.

CARRIERS—INJURED IN TRANSIT—BILL OF LADING —EXCEPTIONS—LIABILITY.

Where soda, shipped on board an iron steamship at Liverpool for New Orleans, late in the winter, was transported through the Gulf in the warm weather of the early spring, and was damaged by the humidity of the hold, and loss

[2] [From 12 N. B. R. 533.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

or damage by heat and sweating were among the exceptions of the bill of lading; held, that the case fell within the exceptions, and the ship was not liable.

Transferred to circuit from district court, by virtue of section 60, Rev. St., the district judge having been of counsel for one of the parties.

M. Dinkelspiel and F. Michinard, for libelant.

J. D. Rouse and Wm. Grant, for claimant.

WOODS, Circuit Judge. The libel alleged the shipment on board the steamship Louisiana at Liverpool, on April 8, 1873, in good order, consigned to libelant at New Orleans, of 500 kegs of bi-carbonate of soda; that the steamship arrived on May 14, 1873, but failed to deliver the said merchandise in good order, but, on the contrary, that it was deteriorated in value thirty per cent from improper stowage and want of proper care and by water and otherwise, to the libelant's damage $1,200. The answer averred that the soda was delivered in the same order as received, and denied improper stowage or any negligence or want of care. On the contrary, it averred that the soda was well stowed and, for greater security, was put in the fore and after holds under the decks; that the weather was fine during the entire voyage and the ship tight and stanch; that she did not leak; made no water, and none got into her hold during the entire voyage, and that if the soda sustained any damage, it was caused by its inherent qualities. The exceptions in the bill of lading were as follows: "Excepting loss or damage arising from the act of God, the queen's enemies, pirates, robbers, restraints of princes, rulers or people, jettison, barratry of the master or mariners, thieves, vermin, frost, heat, sweating, decay, rain, spray, leakage, breakage or rust, coal or coal dust, fire, steam, machinery or boilers or any defect therein, collision, or any other accidents of the seas, rivers or navigation of whatsoever nature or kind."

The evidence is entirely satisfactory to my mind that the goods of the libelant were carefully and properly stowed and that the damage which they suffered was not caused by any carelessness or negligence of the master or seamen, but was caused by the sweating or humidity unavoidable in the hold of an iron ship, loaded in Liverpool in the winter or early spring, and making a voyage to New Orleans through the Gulf in the warm weather of spring. Such a cause of damage is within the exception, "sweating," and also the exception, "accident of navigation," reserved in the bill of lading; and the ship is not liable for the deterioration of the goods. Clark v. Barnwell, 12 How. [53 U. S.] 272. The libel must be dismissed at libelant's cost.